UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

Sana Hazina Butler,

              Plaintiff,

       – against –

Fidelity Management & Research Company LLC (FMR), Fidelity Digital Asset Services LLC, Fidelity Investments, Fidelity Retirement Services, Fidelity Brokerage Services LLC, Fidelity Institutional Asset Management (FIAM), Fidelity Management Trust Company (FMTC), and John Doe 1-10 (fictious names for unidentified Fidelity representatives),

              Defendants.

---------------------------------------------------------------- X

Civil Action No.

## NOTICE OF REMOVAL

Defendants Fidelity Management & Research Company LLC (FMR), Fidelity Digital Asset Services LLC, Fidelity Investments, Fidelity Retirement Services, Fidelity Brokerage Services LLC, Fidelity Institutional Asset Management (FIAM) and Fidelity Management Trust Company (FMTC) (collectively, "Fidelity" or "Defendants") remove this action to this Court from the Supreme Court of the State of New York, New York County. Removal jurisdiction exists pursuant to 28 U.S.C. § 1331 (federal question).

## I.    STATE COURT ACTION

1.    On October 5, 2025, Plaintiff Sana Butler ("Plaintiff") filed her Complaint ("Complaint") in the Supreme Court of the State of New York, New York County ("New York County Supreme Court") captioned "Sana Hazina Butler vs. Fidelity Management & Research Company LLC (FMR), Fidelity Digital Asset Services LLC, Fidelity Investments, Fidelity Retirement Services, Fidelity Brokerage Services LLC, Fidelity Institutional Asset Management

#2687345.3

(FIAM) and Fidelity Management Trust Company (FMTC), and John Doe 1-10," No. 655785/2025. **Exhibit A is** a true and correct copy of the Complaint.

2.    On October 8, 2025, Defendant Fidelity Investments received a Federal Express package with a copy of a summons and complaint filed in the New York County Supreme Court. **Exhibit B** is a true and correct copy of the Federal Express envelope that Fidelity received.

3.    Therefore, pursuant to 28 U.S.C. § 1446(b), Defendants' Notice of Removal is filed within 30 days of Defendants' initial receipt of the Summons and Complaint.

4.    Pursuant to 28 U.S.C. § 1446(a), Exhibit A comprises all of the "process, pleadings, and orders" filed in the state court action. *See* Declaration of Daniel H. Tabak, **Exhibit A**.

## II.    FEDERAL QUESTION JURISDICTION

5.    This Court has subject matter jurisdiction in this case based upon federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(a). Federal question jurisdiction exists in a civil matter when the "claim or right aris[es] under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).

6.    "A case arise[s] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

7.    Federal question jurisdiction exists in this case under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

#2687345.3

A    **ERISA and ERISA Pre-emption**

8.    Plaintiff's Complaint alleges that Defendants failed to provide information that Plaintiff requested in connection with Plaintiff's participation in a "401K Publicis Benefits Connection" plan and a "Disney Savings and Investment Plan."  (Compl. ¶ 34.).

9.    Plaintiff's Publicis Benefits Connection Plan and her Disney and Savings Investment Plan are both governed by ERISA.

10.    Following exhaustion of all administrative remedies, a plan participant or beneficiary seeking judicial review of a benefit determination or alleged ERISA violation may bring suit in the district court of the United States for the district in which she resides or where the events giving rise to the claim allegedly occurred. 29 U.S.C. § 1132(e). Additionally, the district courts of the United States have exclusive jurisdiction over civil actions brought by a plan participant or beneficiary to enforce other rights arising under ERISA. 29 U.S.C. § 1132(e).

11.    Even though Plaintiff did not acknowledge that she is seeking relief pursuant to ERISA § 502(a), Plaintiff's claims are completely pre-empted by ERISA and converted into claims arising under ERISA under the "complete preemption" doctrine, discussed in detail below. To summarize, the Supreme Court has made clear that "complete preemption" under ERISA provides a basis for removal because it converts a claim under state law into a claim arising under federal law over which the federal courts have original jurisdiction. Therefore, this case is removable to this Court on the basis of federal question jurisdiction.

12.    ERISA provides the exclusive remedial scheme for any claims covered by its civil enforcement provisions found at section 502(a) of ERISA, 29 U.S.C. § 1132(a). Plaintiff's claims are completely preempted by ERISA and displaced by ERISA's civil enforcement provisions, such that this action is removable to federal court under 28 U.S.C. § 1441(b). *See, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Beneficial Nat'l Bank v. Anderson*, 539

U.S. 1, 8 (2003) ("When [ERISA] completely pre-empts [a] state-law cause of action, a claim [that] comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

13.     As the Supreme Court has made clear, the "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if [parties] were free to obtain remedies under state law that Congress rejected in ERISA. The six carefully integrated civil enforcement provisions found in § [502(a)] of the statute as finally enacted . . . provide strong evidence that Congress did not intend to authorize other remedies." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

14.     Thus, a claim that "duplicates, supplements, or supplants" the remedies provided by ERISA runs afoul of Congressional intent and is completely preempted.  *Id.*  When a federal statute, such as ERISA, completely preempts a state-law cause of action, then a claim that comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law and is removable under 28 U.S.C. § 1441(b), which authorizes any claim that "arises under" federal law to be removed to federal court. *Beneficial Nat'l Bank*, 539 U.S. at 8.

15.     As the Supreme Court has explained, the reason for the complete pre-emption doctrine (otherwise known as the "artful pleading doctrine") is to prevent plaintiffs from defeating removal by omitting the pleading of necessary federal questions. *Metro. Life Ins.*, 481 U.S. at 65-66; *see Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271(2d  Cir. 2005) ("The artful-pleading doctrine, a corollary to the well-pleaded-complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law.") (internal citations omitted). Thus, causes of action that fall within the scope of the

4

civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a) are removable to federal court.

16.     Additionally, even though ERISA § 502(e) provides that "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions" brought pursuant to ERISA § 502(a)(1)(B), such claims are still subject to removal. "Concurrent jurisdiction is not a bar to removal and is not grounds for remand to the state court." *Evans v. Bronxworks, Inc.*, 2025 WL 34964, at *2 (S.D.N.Y. Jan. 3, 2025) (internal citation omitted).

17.     Plaintiff's claims directly implicate plans governed by ERISA and their administration, and they could have been brought under ERISA's civil enforcement provisions, 29 U.S.C. § 1132.  Plaintiff alleges that she was a participant in the Publicis and Disney plans and that Defendants failed to provide her with the requested information regarding her accounts under these plans. These claims fit squarely within ERISA's enforcement provision at section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which allows participants to bring a civil action to "clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

18.     Similarly, Plaintiff's claim that Defendants did not provide her with requested documents also could have been brought under ERISA's civil enforcement provision. *See* 29 U.S.C. § 1024(b)(4) (requiring plan administrator to provide certain plan documents upon request of participant or beneficiary); 29 U.S.C. §§ 1132(a)(1)(A), 1132(c)(1)(B) (authorizing civil actions against plan administrator for alleged violations of failure to provide requested plan documents).[1]

---

[1] Defendants do not concede that any claims Plaintiff asserts would be meritorious or that they would be the proper defendants for such claims.

#2687345.3

19.     State law claims that "relate to" benefits plans are preempted by ERISA.  29 U.S.C. § 1144(a).  A state law claim relates to an ERISA plan (i) "where state law clearly 'refers to' ERISA plans in the sense that the measure 'acts immediately and exclusively upon ERISA plans' or where 'the existence of ERISA plans is essential to the law's operation'; or (ii) "if it has a clear 'connection with' a plan in the sense that it 'mandates employee benefit structures or their administration or provides alternative enforcement mechanisms.'"  *Plumbing Industry Bd., Pluming Local Union No. 1 v. E.W. Howell Co., Inc.*, 126 F.3d 61, 67 (2d Cir. 1997) (internal citations omitted).  Therefore, Plaintiff's claims are preempted by ERISA.

20.     Thus, the relief sought by Plaintiff with respect to the Publicis Benefits Connection Plan and the Disney and Savings Investment Plan is available under ERISA. Plaintiff's claims for clarification of her rights under these plans are completely pre-empted and converted into a claim arising under section 502(a)(1)(B) of ERISA such that removal to this Court is appropriate.

21.     To the extent necessary, each of the Defendants has consented to removal, as reflected on the consent form attached hereto as **Exhibit C**.

**III.    VENUE**

22.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) a civil action that is properly removable and pending in New York, is properly removed to the United States District Court for the Southern District of New York.

**IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

23.     Defendants have attached all process, pleadings, and orders served upon them as Exhibit A, as required by 28 U.S.C. § 1446(a).

24.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the New York County Supreme Court and will

#2687345.3

simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

25.    By removing this action, Defendants do not waive any defenses or objections that they may have, including but not limited to sufficiency of process, service of process, and personal jurisdiction.

## V.    CONCLUSION

26.    Based on the foregoing, Defendants respectfully remove this action from the Supreme Court for the State of New York, New York County.

**WHEREFORE**, Fidelity hereby removes the above- captioned civil action to this Court as set forth herein. By removing this matter, Defendants do not waive or intend to waive any defense.

Dated: November 7, 2025
       New York, New York

**COHEN & GRESSER LLP**

*/s/ Daniel H. Tabak*

Daniel H. Tabak
800 Third Avenue, 21st Floor
New York, NY  10022
Phone:  (212) 957-7600
Fax:  (212) 957-4514
dtabak@cohengresser.com

*Attorneys for Defendants*

7

#2687345.3