

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Daniel H. Tabak
(212) 957 7606
dtabak@cohengresser.com

November 20, 2025

**VIA ECF**

Hon. Ronnie Abrams
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

> Re: <u>Butler v. Fidelity Management & Research Company LLC
> (FMR) et al, 25-cv-09337</u>

Dear Judge Abrams:

We represent Defendants Fidelity Management & Research Company LLC
(FMR), Fidelity Digital Asset Services LLC, Fidelity Brokerage Services LLC, Fidelity
Institutional Asset Management (FIAM) and Fidelity Management Trust Company
(FMTC) (collectively, "Fidelity") in the above-referenced action.  We write to respectfully
request that, in light of Fidelity's recently filed motion to dismiss (ECF No. 7), the Court
adjourn the initial pretrial conference scheduled for December 12, 2025, and the
corresponding requirements that Fidelity file a letter describing the matter and a proposed
case management plan by December 5, 2025.  Fidelity also respectfully requests that
discovery be stayed pending a decision on its motion to dismiss.

On November 14, 2025, Fidelity filed a motion to dismiss the entire complaint in
this action.  *See* ECF Nos. 7-9.  The complaint asserts claims regarding three different
types of accounts – brokerage accounts, a cryptocurrency account, and retirement
accounts.  Fidelity's motion seeks to dismiss the claims relating to brokerage accounts as
barred by the arbitration clauses of the relevant customer agreements.  As to claims
regarding the cryptocurrency account, the motion seeks to dismiss those claims because
they rest on implausible allegations that Plaintiff obtained nearly $3 billion worth of
Bitcoin from a purchase made with $450 and then, the very next day, obtained over $9
million by selling Bitcoin worth $480.  Alternatively, those claims fail to state a cause of
action and are barred by an arbitration clause.  Finally, Fidelity's motion seeks to dismiss
claims relating to Plaintiff's retirement accounts as preempted by ERISA and because the
Complaint does not allege that Plaintiff exhausted her administrative remedies.  *See
generally* ECF No. 8.



Hon. Ronnie Abrams
November 20, 2025
Page 2

As to the initial pretrial conference and related filing requirements, the Court has discretion as to their timing. Rule 5 of Your Honor's Special Rules & Practices in Civil *Pro Se* Cases provide that the Court will generally schedule an initial case management conference within four months of the filing of the complaint. Even if the motion to dismiss is denied, this general practice can be met by an initial conference after a decision on the motion to dismiss, as this case was removed to federal court on November 7, 2025, and the motion to dismiss should be fully briefed well before March 7, 2026.

In the interim, a stay of discovery is warranted under the test that courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *See, e.g.*, *BAE Sys. Info. and Elec. Sys. Integration Inc. v. L3 Harris Cincinnati Elec. Corp*, 23-cv-01860 (PAC), 2023 WL 4187489, at *1 (S.D.N.Y. June 26, 2023) (citation omitted).

*First*, Fidelity respectfully submits that its motion to dismiss makes a strong showing that the claims in the complaint are not meritorious. *See generally* ECF No. 8.

*Second*, "where, like here, the sole defendant seeks to dismiss the entirety of the complaint, a stay is appropriate . . . because the parties could not only avoid substantial hardship, but also prevent a waste of precious resources . . . pending the outcome of the motion to dismiss." *Gagliano v. United States*, No. 24-CV-07930 (SJB) (JMW), 2025 WL 1104042, at *4 (E.D.N.Y. Apr. 14, 2025) (citations omitted). In this case, the burden of responding to discovery could be significant, on both Fidelity and third parties, as Plaintiff's retirement accounts are decades-old and discovery could be sought from Plaintiff's former employers. In addition, to the extent that claims are barred by the arbitration clause, permitting litigation-style discovery would defeat one of the advantages of choosing arbitration. *See, e.g.*, *Merida Capital Partners III LP v. Fernane*, 25-CV-01235 (JAV), 2025 WL 1541072, at *4 (S.D.N.Y. May 30, 2025) ("If discovery is not stayed, the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Compel Arbitration").

*Finally*, there would be little or no prejudice to granting a stay pending resolution of the motion to dismiss. The case is in its infancy and a motion to dismiss is already pending, so the duration of the stay would be limited. *See, e.g.*, *BAE Sys.*, 2023 WL 4187489, at *1 ("Nor will a stay unfairly prejudice BAE; the motion to dismiss is already fully briefed and, thus, any stay would last briefly.") (cleaned up and citation omitted).



Hon. Ronnie Abrams
November 20, 2025
Page 3


No previous requests for this relief have been made.  Counsel for Fidelity e-mailed the Plaintiff on Monday, November 17, 2025, to schedule a telephone call, but Plaintiff has not responded.

Respectfully,

*/s/ Daniel H. Tabak*

Daniel H. Tabak

cc:  Sana Hazina Butler (via e-mail and Federal Express)


Plaintiff may respond to Defendants' request to stay discovery pending its motion to dismiss by December 5, 2025.

SO ORDERED.

_____
Hon. Ronnie Abrams
Nov. 24, 2025