UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANA HAZINA BUTLER,<br><br>          Plaintiff,<br><br>     -against-<br>FIDELITY MANAGEMENT & RESEARCH<br>COMPANY LLC (FMR) et al,<br><br>          Defendant. | 25-CV-09337 (RA) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff, who is litigating this case without a lawyer (pro se) filed a letter asking for an "administrative correction" – that:

(1)     the state-court complaint currently filed by the Defendant as Exhibit A to ECF No. 4 be re-docketed and/or re-labeled on CM/ECF as a separate, standalone docket entry clearly identified as the complaint (removed from state court);

(2)     the docket reflect, by notation or attachment, the original state-court filing date as reflected on the face of the complaint, while maintaining the federal case number for all federal proceedings; and

(3)     the Court clarify that the re-docketed complaint is the operative complaint for purposes of the pending Motion to Dismiss and related case management.

(ECF 42, Letter at 3.) Plaintiff supports her request with the argument that "the complaint – the foundational pleading that defines the claims at issue – is not readily identifiable on the federal docket as the operative complaint . . . ." (*Id.* at 1.)

Notwithstanding the assertions in Plaintiff's letter, it is the practice in this District for the notice of removal to be docketed as the "pleading" and the state court complaint to be

docketed as an exhibit, either to the notice of removal or to a declaration or other filing in

support of the notice of removal.

Moreover, I disagree with Plaintiff's premise that the complaint is not readily identifiable

on the docket as the operative complaint. It appears at ECF 4-1 and is denominated "Exhibit A –

Original Complaint." Plaintiff has not identified any other filing on the docket that could

mistakenly be thought to be the operative complaint. And re-docketing the complaint could

cause confusion, because the docket number assigned to a re-docketed complaint would be the

next consecutive docket number and would cause the complaint to appear after other relevant

filings on the docket, such as the motion to dismiss and the orders to Plaintiff to respond to that

motion.

Troublingly, Plaintiff letter contains five citations to cases that clearly do not support the

proposition for which they are cited; quotations from three cases that do not appear in the

cases cited; and one citation to a nonexistent judicial opinion.[1] I believe that these issues are

---

[1]    On page 2 of her letter, Plaintiff cites to five cases to support her arguments. (*See* ECF 42, Letter at 2.) *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974) exists and involves removal, but it says nothing about whether a removed complaint may be filed as an exhibit to anther document, and none of the quoted language appears in the opinion; *Rong Zhu v. BNP Paribas*, 997 F. Supp. 2d 242 (S.D.N.Y. 2014) does not exist; *Parisie v. Greer*, 705 F.2d 882, 884 (7th Cir. 1983) exists, but it has nothing to do with removal; *Azer v. Connell*, 306 F.3d 930 (9th Cir. 2002) exists, but it has nothing to do with removal, and none of the quoted language appears in the opinion; *Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424 (S.D.N.Y. 2008) exists, but it has nothing to do with removal, and none of the quoted language appears in the opinion; *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) exists and involves removal, but says nothing about whether a removed complaint may be filed as an exhibit to another document.

due to Plaintiff's use of generative AI tools. *See, e.g.*, *Romero v. Goldman Sachs Bank USA*, No. 25-CV-2857 (GHW), 2025 WL 1916119, at *1-2 (S.D.N.Y. June 25, 2025) (cautioning that "citations, quotations, and holdings that have been generated by generative artificial intelligence may be hallucinations"). But no matter what the cause, the "presentation of false citations, quotations, and holdings by a party . . . to the Court is sanctionable conduct." *Id.* at *2; *see also Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (per curiam) (observing that the "attempt to persuade a court or oppose an adversary" by relying on "non-existent precedent generated by ChatGPT" is an "abuse of the adversary system"). Had this filing been made by a lawyer, I would consider imposing sanctions. Because Plaintiff is not a lawyer, I decline to pursue the matter at this time. Nevertheless, Plaintiff is cautioned that presentation of false citations, quotations, or holdings in the future may lead me to impose sanctions. *See, e.g.*, *Advani v. App. Term, 2nd Jud. Dep't*, No. 25-CV-1627 (JMF), 2025 WL 2201065, at *3 (S.D.N.Y. Aug. 1, 2025); *Zeng v. Chell*, No. 19-CV-3218 (JGK), 2024 WL 3360570, at *6 (S.D.N.Y. July 9, 2024) ("Were it not for the plaintiff's pro se status and the proper judgment dismissing this case, a further inquiry" into the plaintiff's potential use of AI "would be appropriate."); *Reilly v. Conn. Interlocal Risk Mgmt. Agency*, No. 25-CV-640 (VDO), 2025 WL 1726366, at *3 (D. Conn. June 20, 2025) ("Whether the issues with [the pro se plaintiff's] filings are the result of artificial intelligence or some other mistake, the Court cautions [the plaintiff] to ensure that future submissions to any court contain only accurate representations.").

While I understand the difficulties of litigating pro se and the reasons why a pro se litigant might choose to use AI-generated filings, Plaintiff is admonished that pro se litigants are obligated to review the cases cited in their filings to confirm that they exist, stand for the

proposition for which they are cited, and contain any quotations attributed to them. *See Bhagat v. Shah*, No. 24-CV-1424 (VEC) (RFT), 2026 WL 925605, at *2 (S.D.N.Y. Apr. 6, 2026).

DATED:  April 30, 2026
          New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge

4