UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANA HAZINA BUTLER, <br><br>            Plaintiff, <br><br>    -against- <br> FIDELITY MANAGEMENT & RESEARCH <br> COMPANY LLC (FMR) et al, <br><br>            Defendant. | 25-CV-09337 (RA) (RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the status conference held on May 22, 2026:

1. Defendant asks me to recommend that Plaintiff's case be dismissed based on her most recent late filing and her history of failing to make timely filings and to comply with Court orders. (*See* ECF 46.) Courts have a strong preference for resolving matters on the merits rather than based on procedural errors. Accordingly, I am sua sponte and nunc pro tunc extending Plaintiff's deadline for filing her opposition to file the opposition to the motions to dismiss and for a stay of discovery until May 12, 2026. Defendant's time to reply is extended until **June 12, 2026**; and the word limit on Defendant's filing is enlarged to **4500** words in light of the length of Plaintiff's opposition. Plaintiff is warned that she must comply with Court orders or seek an extension of time before the deadline has expired. Future late filings – even if the filings are late only by a day – may not be accepted by the Court and may lead to a recommendation that this case be dismissed.

2. As I previously explained to Plaintiff, the "presentation of false citations, quotations, and holdings by a party . . . to the Court is sanctionable conduct." *Romero v. Goldman Sachs Bank USA*, No. 25-CV-2857 (GHW), 2025 WL 1916119, at *12 (S.D.N.Y. June 25, 2025); see also Park v. Kim, 91 F.4th 610, 615 (2d Cir. 2024) (per curiam) (observing that the "attempt to persuade a court or oppose an adversary" by relying on "non-existent precedent" is an "abuse of the adversary system"). (ECF 43). Plaintiff's response to Defendant's request for a stay of discovery includes citation to a case, *Rate Technology Inc. v. Speakeasy Inc.*, that does not match the citation provided; the case has an entirely different citation, and the case involves whether a settlement agreement barring a patent licensee from later challenging a patent's validity was void for public policy reasons. *See Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 167 (2d Cir. 2012). Plaintiff has denied using AI. Whatever the cause of Plaintiff's false citations, she is again admonished that presentation of false citations, quotations, or holdings in the future may lead me to impose sanctions. *See, e.g., Advani v. App. Term, 2nd Jud. Dep't*, No. 25-CV-1627 (JMF), 2025 WL 2201065, at *3 (S.D.N.Y. Aug. 1, 2025); *Reilly v. Conn. Interlocal Risk Mgmt. Agency*, No. 25-CV-640 (VDO), 2025 WL 1726366, at *3 (D. Conn. June 20, 2025) ("Whether the issues with [the pro se plaintiff's] filings are the result of artificial intelligence or some other mistake, the Court cautions [the plaintiff] to ensure that future submissions to any court contain only accurate representations.").

3. Defendant's motion for a stay of discovery (ECF 13) is **GRANTED**. Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). When determining whether discovery should be stayed

pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the complaint (ECF 4-1), the memorandum in support of the motion to dismiss (ECF 8), the memorandum opposing the motion to dismiss and supporting exhibit (ECF 51), the motion for a stay of discovery (ECF 13), and Plaintiff's responses to Defendant's motion to stay discovery (ECF 47, 48), I conclude that Defendant has met its burden of showing that there is good cause for the stay. The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. However, the breadth of the complaint suggests that the scope of the materials sought would be broad. Thus, the scope of the anticipated discovery counsels in favor of a stay. *See Richardson*, 2024 WL 2003340, at *1. The strength of the underlying motion to dismiss also counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of some if not all the claims in the complaint. Those arguments are supported by case law from courts in this Circuit, and so I cannot conclude that Defendant's motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's

claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson*, 2024 WL 2003340, at *2. Defendant has explained why there would be no prejudice to Plaintiff from a stay, and Plaintiff has not identified any. Accordingly, discovery in this matter is stayed until after a decision allowing any of Plaintiff's claims to proceed.

The Clerk of Court is respectfully requested to terminate ECF 13.

DATED:  May 22, 2026
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge